EDWARD G. DELANEY v. THE STATE OF NEW JERSEY.

1. Upon the trial of an indictment for keeping a disorderly house, where the answer of a witness included an opinion upon the propriety of granting a license to keep a saloon near a school, the whole answer will not be expunged, it embodying two relevant facts material to the cause, the close proximity of the saloon to a school and the indecorous conduct of persons who frequented it.

2. If persons of immoral, indecent or boisterous manner are entertained by the proprietor of a saloon, and they are permitted by him to conduct themselves in and about the premises so as to annoy the public, he becomes responsible for their conduct, through the character which is thereby imparted to the premises.

3. It is error to permit a witness on behalf of the state to be asked whether he did not go to the saloon with the intention of buying beer and drinking it on the premises, knowing the defendant had no license to sell by the glass, for the purpose of evading the law, as the inquiry bore in no way upon the motives of the defendant or his conduct in the management of his house.

On indictment.    Error to the Union Quarter Sessions.

Argued at June Term, 1888, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, MAGIE and GARRISON.

For the plaintiff in error, *John T. Dunn.*

For the state, *William P. Wilson,* prosecutor of the pleas.

The opinion of the court was delivered by

KNAPP, J.   The plaintiff in error was convicted of the offence of keeping a disorderly house.

To show that the premises of the plaintiff bore this noxious character, the state relied upon an alleged course of conduct of the plaintiff in said premises violative of law, in the habitual sale of intoxicating liquors on Sunday, and sales at retail without license on other days of the week, inducing dissolute and disorderly persons there to assemble and remain to the public disturbance and annoyance.

The bills of exception present certain rulings of the court on the admission of testimony on the part of the state objected to by the plaintiff in error, and the refusal of the court to charge the jury as requested by him upon the effect to be given by them to certain testimony received in the case.

Upon these exceptions the plaintiff has assigned error.

The first exception presents the answer of a witness on the part of the state to the question, " What do you know of the character of the saloon kept by Delaney ?" the reply being that " it was not a proper place for a saloon, because it was next to St. Mary's Parochial School and should not be licensed ; that children, going to and coming from school, frequently saw persons, who after coming out of Delaney's saloon, urinating where they could be seen by such children."

The defendant below moved to strike this answer from the record as irrelevant to the issue on trial. The motion to strike out was denied by the court, and the plaintiff claims this ruling to have been erroneous. I think the plaintiff must fail to disturb the judgment for this alleged ground of error. It is a well established rule that it is not error to refuse to strike out an entire answer, if any part of such answer is competent testimony in the cause.

It may readily be conceded that the opinion of the witness upon the propriety of granting a license to keep a saloon in plaintiff's premises was uncalled for and irrelevant, as that subject was not then being considered. The answer, however, as an entirety, should not have been expunged, as it embodied two relevant facts material in the cause. The first of these was, the close proximity of the saloon to a school for the instruction of children ; the second was, the indecorous con-

duct, when about the saloon, of persons who frequented it, and within the sight of passing school children.

Indictable nuisances generally effect a disturbance of the public, or a class of the public. But a house may be kept in such a way as to be indictable as a nuisance when the outside public are not disturbed by offensive sounds or sights. A house kept for promiscuous and noisy tippling, promoting drunkenness in the community, may be such (*State* v. *Williams,* 1 *Vroom* 102); or to permit immoral acts in a house open of right to the public, may make it disorderly. *Whart. Crim. L.,* § 1449. It is also held that a place is indictable as a disorderly house where unlawful sale of liquor is made to all persons who may apply, although there be neither noise nor disturbance of the outside public. *Meyer* v. *State,* 12 *Vroom* 6.

When the house is so conducted as to cause outside disturbance and disorder and to be offensive to near residents or to persons passing or lawfully assembling on the streets or in the vicinity, it is plainly a public nuisance, and emphasis is given to its noxious character by the fact that it is conducted in a place of great exposure. And especially is this the case when such evil example and influence is thrust upon the observation of susceptible youth. It appears quite clearly, then, that the location of the plaintiff's premises near to a public school was relevant testimony.

It is also true that the illegal character of a place of resort may depend upon the sort of persons that are enticed or permitted by the owner to become his guests. If persons of immoral, indecent or boisterous manners are entertained by the proprietor, and they are permitted by him to conduct themselves in and about the premises so as to annoy the public, he becomes responsible for their conduct, through the character which is thereby imparted to his premises. The part of the answer, therefore, which bore upon the behavior of the plaintiff's guests about his saloon was competent testimony. The court committed no error in refusing to strike out the answer.

The next exception is to the refusal of the court to strike out so much of the testimony of another of the state's witnesses

as was given in answer to the following question: " How often have you been there (at plaintiff's saloon) within the last two years?" the reply being: " Only two or three times; I have had very little to do with the defendant, as I don't think much of his place; I have *drank* in his place twice, I think; I gave the barkeeper a quarter on one occasion, and treated two or three young men of seventeen or eighteen years of age; I have been obliged to take my daughter away from the school because of the saloon being next to the school; the place should not be licensed so near the Parochial school-house, as I have seen disorderly persons going in and out of the place while the children were going to and coming from school."

The plaintiff in error moved to strike out that part of the testimony " relating to the improper locality of defendant's premises for a saloon," and also so much of it as " related to the propriety of licensing a saloon in such locality." Error is assigned upon the refusal of the court to strike out that part of the answer.

It has already been shown that the location of the premises alleged to be kept in a disorderly way, is both relevant and important in such a trial. It tends to show the extent to which the public are exposed to the evil influence and annoyance of the ill governed establishment.

That part of the answer was competent testimony, and it was not error to allow it to remain in the cause.

With respect to the expression of opinion dropped by the witness, that the saloon ought not to be licensed in the near vicinity of a school, what was observed of like testimony from another witness is applicable to this. It was irrelevant and might with propriety have been stricken from the answer. But it was quite immaterial, and could not have harmed the plaintiff. It is quite certain that if the jury accepted as true the facts stated by the witness as his grounds for indulging in the opinion expressed, the opinion gave very little added weight to the testimony. The testimony was irrelevant, but did not prejudice the plaintiff in error in any appreciable degree. Judgment is not reversed for such error.

A matter of more serious moment is presented under the third and fourth exceptions. One of the state's witnesses, after testifying to the purchase and drinking of beer at different times on plaintiff's premises, alone and in the company of friends, and after cross-examination touching the circumstances attending his several purchases of beer, was, on re-direct examination by the state, asked this question, viz.: "Did you not go there with your friends with the *intention* of buying beer and drinking it on the premises, because you knew that Delaney had no license at the time to sell by the glass, *for the purpose of evading the law?*" This question the court allowed, against the objection of plaintiff in error, holding it, and the testimony which it sought to elicit, competent evidence in the cause. The affirmative answer of the witness was received, and an exception to the ruling of the court sealed.

Then, after the testimony was concluded, the plaintiff requested the court to charge the jury as follows: "The fact that testimony was given that one or more of the witnesses of the state had been to the defendant's place of business after the defendant's license had expired, on October 1st, with the intention of buying beer by the quart and drinking it on the premises for the purpose of evading the law with regard to the sale of beer without license could not bind the defendant."

The court declined to so charge, and upon such refusal sealed an exception.

We are unable to see any ground upon which the question objected to could legally be allowed, or the answer to it received as competent testimony.

If the intent of the plaintiff in error in the manner of conducting his sales of intoxicating drinks was drawn in controversy, it is apparent that the inquiry here permitted bore in no way upon his motives or his conduct in the management of his house.

The motives which actuated others who came to purchase from him, however reprehensible and illegal such motives or purposes may have been, were in no wise imputable to the defendant below, and could not, on any just principle, be

allowed in proof in the case to his prejudice. The palpable ground for its exclusion was clearly stated in the objection. The question should not have been allowed, nor should the answer to it have been received.

After this objectionable testimony found its way into the case, opportunity was afforded of purging the record of the error consequent upon its admission by granting to plaintiff the charge which he asked of the court, and to which he was undoubtedly entitled. The refusal of the request must have given renewed emphasis to the effect of the illegal testimony. It was error to receive this testimony, and when in the case it was error not to have eliminated it therefrom by charging substantially as the plaintiff in error requested.

We cannot doubt that the defendant below was prejudiced in his cause by these rulings, and because of them judgment should be reversed.